UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAY BORDEAU,

       Plaintiff,                          Case No.: 04-10312-BC
                                                  Honorable David M. Lawson
v

SAGINAW CONTROL & ENGINEERING, INC.,

       Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

The question presented by this motion is whether the plaintiff may recover under the Family and Medical Leave Act, 29 U.S.C. § 2600 *et seq.*, damages for physical injuries he sustained when he returned to work following an approved medical leave but was placed in a job that required manual labor and therefore was not comparable to the job he left. The Court finds that the FMLA does not extend to such injuries. However, the plaintiff has pleaded damages that are covered under the Act, and therefore his complaint will not be dismissed at this time.

I.

According to the complaint, the plaintiff, Ray Bordeau, was employed by the defendant, Saginaw Control and Engineering Inc., as a purchasing manager since 1975. In January 2003, he requested both medical and family leave from his employer pursuant to the Family and Medical Leave Act to provide care to his elderly mother with a serious health condition and, he alleges, because of his own serious health condition. Compl. at ¶ 10. His request for leave to care for both his mother and himself subsequently was approved, and he was authorized to take leave from January 13, 2003 until April 6, 2003. *Id.* at ¶¶ 11-13. After going on leave, the plaintiff noticed that

the defendant had begun advertising for his purchasing manager position. *Id.* at ¶ 14.  When the plaintiff returned to work on the appointed date, he alleges that he was given a manual labor job on the plant floor and not his previous job as a purchasing manager, or, for that matter not even in the purchasing department at all. *Id.* at ¶ 15.  While performing his labor job, the plaintiff sustained a disabling back injury and has not been able to return to work since June 7, 2004, the date of the injury. *Id.* at ¶ 16, 17.  The plaintiff's employment was terminated on June 30, 2004.

The plaintiff filed a one-count complaint in this Court on November 17, 2004.  The complaint reads, in pertinent part:

### Count - I Violations of the Family and Medical Leave Act of 1993

19. By failing to restore Plaintiff to his position in Purchasing, or an 'equivalent position', Defendant violated the FMLA, 29 U.S.C. et seq., including 29 U.S.C Section 2614(a) and the implementing regulations, 29 C.F.R. Section 825.220(b) and (c) (which are promulgated by the Secretary of Labor, 29 U.S.C. Section 2654).

20. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered severe physical injuries, lost wages, benefits, and loss of employment opportunities.

PLAINTIFF REQUESTS judgment against the Defendant as follows:

  1. Legal relief;

   a. Compensatory damages in whatever amount he is found to be entitled;
   b. Liquidated damages in whatever amount he is found to be entitled;
   c. An award of interest, costs, and reasonable attorney fees and expert witness fees.

  2. Equitable relief;

   a. An order reinstating Plaintiff to [his] prior position or equivalent position and/or front pay;
   b. An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation;

     c.  Whatever other equitable relief appears appropriate at the time of judgment.

*Id.* at ¶¶ 19-20. The defendant has filed a motion pursuant to Federal Rule of Procedure 12(c) for judgment on the pleadings. For the purpose of the motion, the defendant concedes liability for failing to restore the plaintiff to his former position upon his return to work. However, the defendant insists that the plaintiff has failed to plead any compensable damages under the FMLA. The plaintiff has filed a response in opposition, and the matter was argued before the Court on August 9, 2005.

II.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the ground that the complaint does not state a cognizable claim is reviewed under the standards that govern motions brought under Rule 12(b)(6). *See* Fed. R. Civ. P 12(c); *Vickers v. Fairfield Medical Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid*. "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *In re DeLorean*

*Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)).

The remedy section of the FMLA states that an employer who violates the Act must pay the employee "damages equal to . . . any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or . . . any actual monetary losses sustained by the employee as a direct result of the violation." 29 U.S.C. § 2617(a)(1)(A)(i). The employer also may be liable for interest on those sums and, if the employer is unable to show that it acted in good faith, liquidated damages in an amount equal to the actual damages. 29 U.S.C. § 2617(a)(1)(A)(ii), (iii). Bordeau does not allege that the defendant paid him less than his full wages when he returned from his leave up to the time he injured himself on June 7, 2004. The defendant contends that Bordeau's inability to work and earn money because of his back injury does not amount to wage loss or actual monetary loss "by reason of" or "as a direct result of" Saginaw Control's FMLA violation. As a consequence, the defendant argues, the plaintiff has not pleaded damages recoverable under the FMLA and the defendant is entitled to judgment in its favor.

The defendant places primary, if not its sole, reliance on *Dawson v. Leewood Nursing Home Inc.,* 14 F. Supp. 2d 828 (E.D. Va. 1998), in support of its argument. In that case, the plaintiff, who was employed as the director of nursing at the defendant nursing home, sought leave under the FMLA to treat her cancer. The leave was approved and thereafter the plaintiff spoke to her boss about returning to work. The boss claimed that he asked the plaintiff if she would be interested in a newly created position, director of admissions, because that position would be less stressful than her previous position as director of nursing. The plaintiff alleged that at the meeting her boss informed her she would not get her old job back. Sometime after the meeting, the plaintiff

developed severe and permanently disabling cardiac and pulmonary symptoms, which the plaintiff claimed was a result of the stress generated by the meeting with her boss, and which precluded her from returning to work. Nonetheless, the plaintiff continued to receive full pay and benefits until it was determined that she would never return to work for that employer. The district court granted summary judgment to the defendant because the plaintiff could claim no damages allowable under the FMLA. The court reasoned that "once it becomes clear that a plaintiff can recover nothing but a symbolic victory in that the defendant violated a statute, the lawsuit should be terminated." *Id.* at 832. The court found that the FMLA did not authorize the payment of nominal damages, and statutory language allowing damages for "wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation" and "actual monetary losses sustained by the employee as a direct result of the violation," 29 U.S.C. § 2617(a)(1)(A)(i)(I) & (II), was not broad enough to include damages for emotional distress, loss of future earnings because of the incapacity, or attorney's fees when no compensatory damages are proved. *Id.* at 833-34.

    The Court agrees with that conclusion. Although there is no Sixth Circuit precedent on point, other courts have held that the language of the FMLA limits damages to actual, direct losses that ensue because of interference with or denial of rights under the Act. For instance, in *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir.1999), the court held that out-of-pocket expenses, such as moving and job search costs, were not compensable under the FMLA. Those expenses plainly were not "wages, salary, employment benefits" as referenced in subsection I of the remedies statute. *Id.* at 930. The court also held that those expenses could not be considered "other compensation," as referenced in that subsection, because those expenses were never part of the

employee's remuneration for work performed for the employer. The court reasoned that the term "'other compensation' . . . is indicative of a *quid pro quo* relationship between an employer and an employee. We do not believe, nor does Nero argue, that we can characterize the out-of-pocket expenses in this case as having arisen from a *quid pro quo* in the employment arrangement. . . . The out-of-pocket expenses are in the nature of consequential damages, and § 2617(a)(1) does not provide for recovery of general or consequential damages." *Ibid.*

Similarly, in *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268 (10th Cir. 2001), the Tenth Circuit held that nominal damages were not recoverable under the FMLA. In that case, the plaintiff claimed that her rights were violated when she received a five-day suspension for excessive absences and job abandonment, when actually she took medical leave required by her pregnancy. The district court found that the plaintiff had suffered no actual damages as a result of that suspension because it ran concurrently with her disability leave and she therefore lost no wages or benefits as a result. The court of appeals rejected the plaintiff's attempt to analogize to Title VII precedents as justification for a nominal damage award. Instead, the court reasoned: "Because nominal damages are not included in the FMLA's list of recoverable damages, nor can any of the listed damages be reasonably construed to include nominal damages, Congress must not have intended nominal damages to be recoverable under the FMLA." *Id.* at 1278.

The Eleventh Circuit has determined that claims of mental anguish and loss of job security are not compensable under the Act. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999) (holding that "the FMLA does not allow recovery for mental distress or the loss of job security"). In *Cianci v. Pettibone Corp.*, 152 F.3d 723 (7th Cir. 1998), the Seventh Circuit held that the plaintiff could not prove damages under the FMLA for wrongful denial of leave when she

was fired for other reasons before her scheduled family leave was to have occurred. Therefore, according to the court, she "did not suffer any diminution of income, and, on the record before us, incurred no costs as a result of the alleged violation." *Id.* at 728-29.

In this case, the plaintiff alleges that he can no longer work because of a workplace injury. He contends that if he had been returned to his former job or a comparable one, as the FMLA requires, he would not have hurt his back doing physical labor. That may be true, but his back injury is not the *direct* result of the employer's FMLA violation. At most, it is a consequence of placement in a laborer's job instead of a managerial position. However, consequential damages are not allowed under the FMLA, according to the precedents cited above.

Although the plaintiff has not alleged that he was denied "wages, salary, employment benefits, or other compensation," the provisions of subsection II of the damage statute do not help him either. That subsection states that when a denial or interference with leave does not result in a loss of these things, a plaintiff may recover only the "actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee." 29 U.S.C. § 2617(a)(1)(A)(i)(II). The plaintiff has not pleaded that he has suffered a direct monetary loss; as noted above, he can state only a consequential loss.

However, there is another aspect of recovery to which the plaintiff may be entitled under the Act. "Any employer who violates section 2615 of this title shall be liable to any eligible employee affected . . . for such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(B). The defendant disputes the plaintiff's eligibility for equitable relief in the form of front pay, and the district court in *Dawson* summarily dispatched the

notion that the plaintiff there could receive such relief "because it is undisputed that she is now completely and permanently incapacitated and therefore no longer capable of performing her job." *Dawson*, 14 F. Supp. 2d at 833. Nonetheless, in *McBurney v. Stew Hanson's Dodge City, Inc.*, 398 F.3d 998 (8th Cir. 2005), the court suggested that a plaintiff who could not return to work because of a disability that allegedly resulted from the denial of FMLA leave might be eligible for equitable relief in the form of front pay. *Id.* at 1001-1002 & n.2 (noting that "[f]ront pay is designed to provide an equitable remedy when it is impractical to order the employee's reinstatement to his or her previous job"). That theory is consistent with Sixth Circuit precedent, as well.

Front pay and back pay are both equitable remedies available under the Act. *See Arban v. West Publishing Corp.,* 345 F.3d 390, 406 (6th Cir. 2003). Front pay can supplement back pay for the continuing future effects of discrimination to make the victim whole, but can never be a substitute for it. *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1237 (10th Cir. 2000).

> Front pay is granted to compensate victims of discrimination for the continuing future effects of discrimination until the victim can be made whole. . . . Thus, front pay may be used to supplement back pay when back pay will not adequately compensate the victim because immediate promotion cannot occur because there are no positions available . . . or where reinstatement is not available and the victim is making less money at her current job.

*Mallinson-Montague*, 224 F.3d at 1237 n.17 (internal quotes and citations omitted).

Back pay is awarded for lost earnings up to the date the employee was reinstated or returned to the position he should have held had the violation not occurred. *Pollard v. E.I. du Pont de Nemours & Co.,* 532 U.S. 843, 849 (2001). Similarly, front pay is money awarded for future services the employee likely would have performed had the illegal actions of the employer not occurred. In *Arban*, the court of appeals described the function and propriety of front pay as an equitable remedy under the FMLA:

> [W]e find that the FMLA provides for front pay.
>
> While the determination of the precise "amount of an award of front pay is a jury question," the initial "determination of the propriety of an award of front pay is a matter for the court." *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993) (ADEA claim).
>
> Although "[r]einstatement is the presumptively favored equitable remedy," it is not appropriate "where the plaintiff has found other work." *Roush*, 10 F.3d at 398 . . . . "No per se rule governs the appropriateness of front pay damages in a particular case. . . . Ultimately, the question to be answered is whether front pay damages are needed in a particular case to make the plaintiff whole." *Wilson v. Int'l Bro. of Teamsters*, 83 F.3d 747, 756-57 (6th Cir. 1996). Several factors must be considered when determining the propriety of an award of front pay, including "an employee's duty to mitigate, the availability of employment opportunities, the period within which one by reasonable efforts may be re-employed, the employee's work and life expectancy, the discount tables to determine the present value of future damages and other factors that are pertinent on prospective damage awards." *Roush*, 10 F.3d at 399.

*Arban,* 345 F.3d at 406.

There has been no factual development in this case yet presented to the Court. Discovery may produce facts that persuade the Court that the plaintiff is entitled to equitable relief, and "front pay damages are needed in [this] case to make the plaintiff whole." *Ibid.* Certainly, reinstatement is not possible where the plaintiff physically is unable to return to work. The equities in the case may point to an award of front pay, however, if it is "appropriate," 29 U.S.C. § 2917(a)(1)(B), in light of all the circumstances. *See McBurney*, 398 F.3d at 1002 n.2. The plaintiff's physical injury, although not a proper basis itself for the award of compensatory damages, could be a fact the Court would use to determine the propriety of front pay in lieu of reinstatement. The Court finds, therefore, that the plaintiff has set forth a compensable claim in his complaint under the FMLA.

III.

The plaintiff may not recover damages for loss of income or earning capacity because of the back injury he suffered while working as a laborer for the defendant. Those damages are not allowable as compensatory damages under the FMLA. To the extent that the plaintiff seeks compensatory damages for such injury, the defendant is entitled to judgment on the pleadings. However, the plaintiff may be entitled to equitable relief for the claimed FMLA violation, which could include front pay or back pay. The complaint, therefore, is not subject to dismissal in its entirety.

Accordingly, it is **ORDERED** that the defendant's motion for judgment on the pleadings [dkt #10] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the plaintiff's claim for compensatory damages is **DISMISSED WITH PREJUDICE**. The plaintiff may proceed on his claim for equitable relief.

It is further **ORDERED** that counsel for the parties shall appear at a status conference on Tuesday, September 19, 2006 at 3:00 p.m. to discuss further case management deadlines.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 24, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS